**Lee MANIACI, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 01–56919.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided May 23, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before: BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM **

The ALJ did not err in considering the degree of Lee Maniaci's hand limitations in determining that she was not disabled or precluded from light work prior to her last insured date of September 30, 1986. In

** This disposition is not appropriate for publication and may not be cited to or by the

rejecting the opinion of Maniaci's treating physician, Dr. Ernstoff, on Maniaci's hand limitations, the ALJ pointed out that an EMG, nerve conduction studies, and a neurological examination conducted by Dr. Ernstoff prior to 1986 were normal except for "borderline prolongation of latency for the median sensory bilaterally suggestive of early carpal tunnel syndrome." The ALJ also properly considered the combined effect of Maniaci's cervical spine problems and her carpal tunnel syndrome in evaluating her hand restrictions and residual functional capacity, reviewing in detail records of Maniaci's orthopedic and neurological examinations, spinal x-rays, pain symptoms, and daily activities. The ALJ noted that x-rays taken by Dr. Ernstoff showed only mild degenerative changes in the cervical spine and that the doctor reported Maniaci's hand conditions had significantly improved after wearing splints. The ALJ also considered the testimony of other doctors who had found no hand or spinal problems. These constitute specific and legitimate reasons for rejecting Dr. Ernstoff's opinion, and provide substantial evidence supporting the ALJ's conclusion that Maniaci was not disabled and that "the minimal objective findings by Dr. Ernstoff do not support a finding that the claimant could not perform work requiring hyperextension of the wrists or repetitive function similar to typing." *See Sprague v. Bowen,* 812 F.2d 1226, 1229–1230 (9th Cir.1987); *see also Embrey v. Bowen,* 849 F.2d 418, 421–422 (9th Cir. 1988).

We also find that the ALJ fully developed the record, eliciting detailed testimony from Maniaci and providing her with several opportunities to submit supplementary evidence.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The judgment of the district court is **AFFIRMED**.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.